NIEMEYER, Circuit Judge,
concurring in part in the judgment and dissenting in part:
Because I would affirm entirely the judgment of the district court for the reasons given by the court, I concur in the judgment reached in Part III of the majority opinion and dissent from Parts IV and V.
As Personnel Coordinator and Business Office Assistant at the Hermitage, a nursing home in Northern Virginia, Jano Siraj was required to keep personnel files up to date and in compliance with Virginia State regulations. When Social Services inspectors arrived at the Hermitage in September 1996 to conduct their annual inspection, they requested the personnel files of two new hires from each department. Si-raj produced several incomplete files, together with her yellow “post-it” note on the files’ covers indicating that the files were incomplete, which substantially embarrassed the Hermitage and led to the inspectors’ conclusion that the Hermitage’s files were out of compliance. After the inspectors left, the administrator of the nursing home asked Siraj to resign, and when she refused to resign and tried to blame others, accepting no responsibility for the failures, the administrator discharged her.
Siraj thereafter contended that the facility should have used progressive discipline, as was its policy. She also contended that, in firing her, the Hermitage discriminated against her based on her race and national origin — black and Ethiopian.
After Siraj presented her evidence at trial, the district court granted the defendant’s motion for judgment as a matter of law. The court explained:
I find there is no evidence whatsoever for any jury to believe there was race discrimination or national origin [discrimination], There is no testimony whatsoever of any racial or national origin discrimination.
The only testimony is she was treated differently than a Ms. Watkins, who was white. But under the law, she had a different job. They were not related, the same job, as the Fourth Circuit has said. And even the Second Circuit, which relied upon the Fourth Circuit in Barbara Levin-McEleney, v. Marist College, decided on February 2001 citing the Fourth Circuit, that you cannot rely upon discrimination of a particular party if the jobs áre not related. And they were not related.
And what they did with one has nothing to do with what they did here. There is just no evidence of intentional discrimination of any kind. None was said.
*115 In fact, the plaintiff twice in her direct said she was not angry with anyone from top to bottom. In fact, she said when she got fired, she thought they were playing a joke on her, things were so great.
Where is there discrimination? Up until the last moment, everything was great.
(J.A. 262-63.)
Because the record supports the district court’s conclusions, I would affirm for the reasons given by the court. Accordingly, I concur in the conclusion that no claim of retaliatory discharge was proved and I respectfully dissent from those portions of the opinion that reverse the judgment of the district court.